UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD LAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:11-CV-0806-G |
| HUNT COUNTY, TEXAS, ET AL., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Before the court are the plaintiff's two motions to strike[1] affirmative defenses raised by the defendants (docket entries 17, 18). For the reasons asserted below, the plaintiff's motions are granted in part and denied in part.

---

[1] The plaintiff initially brought these motions under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See* Law's Motion to Dismiss Hunt County's Affirmative Defense of Eleventh Amendment Immunity, and Brief in Support ("Plaintiff's Hunt County Motion") at 1 (docket entry 17); Law's Motion to Dismiss Two of Berger's Affirmative Defenses, and Brief in Support ("Plaintiff's Berger Motion") at 2 (docket entry 18). However, because the plaintiff's motions concerns an "insufficient defense," this court will construe them as motions to strike under Rule 12(f). See *GE Capital Commercial, Inc., v. Worthington National Bank*, No. 3:09-CV-0572-L, 2011 WL 5025153, at *1 (N.D. Tex. Oct. 20, 2011) (Lindsay, J.).

I. BACKGROUND

This case involves the allegedly wrongful firing of a county employee. The plaintiff is Richard Law ("Law"), a former employee of Hunt County, Texas ("Hunt County") from 2004 to 2010. Law's First Amended Complaint ("Complaint") ¶ 5 (docket entry 24)[2]. The defendants are Hunt County, which employed Law as a deputy clerk for one of its justices of the peace, and Sandy Berger ("Berger"), the justice of the peace for whom Law worked. *Id*. ¶¶ 3-8, 26.

Law began working for Hunt County at its jail in December of 2004. *Id.* ¶ 15. In 2009, Law learned that he suffered from peripheral arterial disease ("PAD"), which substantially limited his ability to stand and walk. *Id*. ¶¶ 16, 20, 21. Due to his PAD, Law was transferred to Hunt County's justice of the peace court, where he worked as a deputy clerk for Berger. *Id*. ¶ 26. Law's immediate supervisor was Judy Travis ("Travis"). *Id*. According to the complaint, Travis "made disparaging comments about Law's health condition" and "hectored Law to tell her what his health care provider said." *Id*. ¶¶ 27-30.

In May of 2010, Law underwent an angioplasty, which caused him to miss a few days of work. *Id*. ¶ 53. On June 4, 2010, Berger and Travis fired Law, effective immediately. *Id*. ¶ 72. At that time, Berger told Law "that it was not 'working out,'"

---

[2] While the plaintiff's motions were based on the defendants' answers to the plaintiff's original complaint (docket entry 2), they apply with equal force to the defendants' answers to the plaintiff's first amended complaint (docket entries 25, 26).

but did not give Law any other explanation for the decision. *Id*. However, the complaint alleges that Berger wrote on a form that the decision to fire Law was based on the fact that he was "still on lite [sic] duty." *Id*. ¶ 73. Moreover, Law alleges that Travis told another Hunt County employee "that Law had 'left' his employment due to 'health problems'" *Id*. ¶ 83.

Law argues that he was fired due to his PAD. As a result, he has brought claims against the defendants under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1983 ("Section 1983"). *Id*. ¶¶ 93-136.

## II. ANALYSIS

Law has brought motions to strike three of the affirmative defenses asserted by the defendants in their answers: (1) Hunt County's defense of Eleventh Amendment immunity; (2) Berger's defense of Eleventh Amendment immunity; and (3) Berger's defense that she is not a proper defendant under the FMLA.

### A. Legal Standard

Under FEDERAL RULE OF CIVIL PROCEDURE 12(f), "[t]he court may strike from a pleading an insufficient defense." However, "[m]otions to strike are disfavored and infrequently granted." *United States v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 767 (N.D. Tex. 2002) (Fish, C.J.) (citing *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)). This is because

"striking a portion of a pleading is a drastic remedy, and . . . it often is sought by the movant simply as a dilatory tactic." *Id*. (citing *Federal Deposit Insurance Corporation v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)).

"A court must deny a motion to strike a defense if there is any question of law or fact." *Id.* It will grant a motion to strike, however, if "the defense is insufficient as a matter of law." *Id*. (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983)).  The granting of a motion to strike is within the discretion of the court.  *Id*.

B.  Application

1.  *Hunt County's Eleventh Amendment Immunity Defense*

Law has moved to strike Hunt County's affirmative defense of "Eleventh Amendment Immunity." *See* Plaintiff's Hunt County Motion at 1; *see also* Original Answer of Hunt County to Plaintiff's First Amended Complaint and Jury Demand ("Hunt County's Answer") at 22 (docket entry 25).

The Eleventh Amendment prohibits suits in federal court against state governments by a state's own citizens.  U.S. CONSTITUTION amend. XI.  This amendment is a reflection of the doctrine of state sovereign immunity, which renders states immune from suits without their consent.  See *Alden v. Maine*, 527 U.S. 706, 707 (1999) ("[S]overeign immunity derives not from the Eleventh Amendment but from the structure of the original constitution.").

Generally, Eleventh Amendment immunity does not extend to counties. See *United Disaster Response, LLC v. Omni Pinnacle*, LLC, 511 F.3d 476, 478-79 (5th Cir. 2007), *cert. denied*, 554 U.S. 919 (2008). However, under certain extraordinary circumstances, a county may be entitled to immunity if it is in fact an "arm of the state." *Id*. at 478-79 & n.1. An exception should not be "made to this rule without convincing evidence distinguishing the county in question from counties generally." *Id*. at 479. In determining whether a county is an arm of the state, the Fifth Circuit has stated that courts should consider six factors:

> (1) whether the state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; (6) whether the entity has the right to hold and use property.

*Id.* at 479 n.1 (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991)).

Among the six factors, "the most crucial . . . is whether the funds to defray any award would be derived from the state treasury." *Id*. at 479 (citing *Crane v. Texas*, 759 F.2d 412, 417 (5th Cir.), *amended in part on denial of rehearing*, 766 F.2d 193 (5th Cir.), *cert. denied*, 474 U.S. 1020 (1985)). In particular, the Fifth Circuit has emphasized "the need for payment of the judgment . . . to be made *directly* from the

state treasury." *Id*. (internal quotations omitted). "This is a demanding standard." *Id*.

In this case, Hunt County provides a number of arguments as to why it should be considered an arm of the state of Texas. Response to Plaintiff's Motions to Dismiss Defendants' Affirmative Defense ("Defendants' Response") at 9 (docket entry 19). First, Hunt County notes that Law worked for a justice of the peace, and that justices of the peace exercise the judicial power of the state. *Id.*; *see also* TEXAS CONSTITUTION art. V, § 1. Second, justices of the peace are "conservators of the peace throughout the state." Defendants' Response at 9; *see also* TEXAS CONSTITUTION art. V, § 12. Third, the justice of the peace herself enjoys Eleventh Amendment immunity in her official capacity. Defendants' Response at 9; see also *Kastner v. Lawrence*, 390 Fed. Appx. 311, 315 (5th Cir. 2010). Finally, the justice of the peace courts themselves, like the Texas state district courts, are entitled to Eleventh Amendment Immunity. Defendants' Response at 9; see also *Curry v. Ellis County, Texas*, No. 3:08-CV-1675-L, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (Lindsay, J.).

Nevertheless, Hunt County has not shown that this is one of the extraordinary circumstances where it could be considered an arm of the state. Hunt County does not appear to assert that "any judgment Law obtains in this action will be paid or satisfied with state funds." *See* Law's Reply Brief in Support of His Motion to

Dismiss Certain Affirmative Defenses ("Plaintiff's Reply") at 4 (docket entry 20). Under Fifth Circuit precedent, this is enough to find a lack of sovereign immunity. See *United Disaster Response*, 511 F.3d at 478-80. Moreover, all of Hunt County's arguments deal with why the justice of the peace would considered an arm of the state. These have little or no bearing on whether Hunt County itself is an arm of the state, and therefore entitled to Eleventh Amendment immunity.

Hunt County argues that the plaintiff's motion to strike should be denied because there are additional "facts that must be further investigated," and that "[d]iscovery may reveal additional grounds for asserting Eleventh Amendment immunity." Defendants' Response at 10. It is unclear, however, how Hunt County could learn anything about its own relationship to the state of Texas through discovery concerning the firing of one of its employees. Because this court sees no reason why it should not dispose of this issue now, Hunt County's Eleventh Amendment immunity defense is stricken as insufficient.

2. *Berger's Eleventh Amendment Immunity Defense*

Law has also moved to strike Berger's affirmative defense of "Eleventh Amendment immunity." Plaintiff's Berger Motion at 1-2; *see also* Original Answer of Judge Sandy Berger to Plaintiff's First Amended Complaint and Jury Demand ("Berger's Answer") at 22 (docket entry 26).

A justice of the peace, as a judge of the State of Texas, may be entitled to Eleventh Amendment immunity when named in her official capacity. *Kastner*, 390 Fed. Appx. at 315; see also *Davis v. Tarrant County, Texas*, 565 F.3d 214, 228 (5th Cir.), *cert. denied*, __ U.S. __, 130 S.Ct. 624 (2009). This is because the Eleventh Amendment bars suit "where the state is the real and substantial party in interest." *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006). However, a public official sued in her "individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself," is not protected from suit by sovereign immunity, "so long as the relief is sought not from the state treasury but from the officer personally." *Alden*, 527 U.S. at 757-58.

In this case, the key question is whether Law is suing Berger in her individual or official capacities. Berger argues that Law "has not disavowed any attempt to sue Judge Berger in her official capacity." Defendants' Response at 10. Unfortunately, plaintiff's complaint and briefs do not clearly state whether this case was brought against Berger in her individual or official capacity. First, three of the five "counts" brought by the plaintiff suggest that Berger is being sued in her individual capacity. *See* Complaint ¶¶ 98, 108 ("Berger is liable individually"), ¶ 115 ("Law brings this [Section 1983] claim against only Berger, in her individual capacity."). However, two of the counts do not mention whether Berger is liable individually. See *id*. ¶¶ 123-36. Law's motion to strike seems to suggest that his suit has been brought only against

Berger in her individual capacity. *See* Plaintiff's Berger Motion at 1 ("Instead, the Eleventh Amendment only bars such a lawsuit where -- **in contrast to this case brought by Law** -- the state is the real and substantial party in interest.") (emphasis in original). On the other hand, Law's reply appears to confuse sovereign immunity with the distinct doctrine of judicial immunity. *See* Plaintiff's Reply at 5 ("There is nothing in the [Complaint] that would give any reasonable reader notice that Law is challenging any of Berger's court rulings, orders or other adjudicatory processes, *i.e.*, tasks that she may have performed as a judge. . . . judicial immunity extends only to 'judicial acts.'") (citations omitted).

Because it is still unclear as to whether Law has brought this case against Berger in her official or individual capacities, the plaintiff's motion to strike Berger's affirmative defense of "Eleventh Amendment immunity" is denied.

       3. *Berger's Defense That She is Not a Proper Defendants Under the FMLA*

Finally, Law has moved to strike Berger's affirmative defense "that she is not a proper defendant under the FMLA." Plaintiff's Berger Motion at 2; *see also* Berger's Answer at 23. First, Law argues that public officials like Berger can be sued as "employers" under the FMLA. *Id*. Second, Law argues that Berger had sufficient control over Law for FMLA liability to attach. Plaintiff's Reply at 6.

a. Berger as Law's Employer

In *Modica v. Taylor*, the Fifth Circuit held that public employees can be held individually liable as employers under the FMLA. 465 F.3d at 187. This is because an employee of a public agency who acts "in the interest of an employer" is included within the definition of the word "employer" under 29 U.S.C. § 2611(4)(A). *Id*. at 184.

Berger vigorously argues that this court is not bound to follow *Modica* because the case was moot when the Fifth Circuit rendered its decision. Defendants' Response at 11-14; see also *Camreta v. Green*, __ U.S. __, 131 S.Ct. 2020, 2033-36 (2011). As a result, Berger argues, this court should instead follow the Sixth and Eleventh Circuits, which have held that the FMLA's individual liability provision does not extend to public agencies. See *Mitchell v. Chapman*, 343 F.3d 811, 833 (6th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004); *Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999); cf. *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) (holding that a public official may be held liable in his or her individual capacity for retaliation in violation of the FMLA).

However, even if *Camreta* did cast some doubt on the precedential value of *Modica*, Berger has provided no reason why this court should deviate from the Fifth Circuit's careful interpretation of the FMLA in that case. In fact, the only argument that Berger provides as to why this court should not follow *Modica* is that two other

circuits have decided differently.  *See* Defendants' Response at 11-12.  This is not enough; this court will not deviate from Fifth Circuit precedent unless there are clear legal grounds to do so.  Because Berger has not provided this court with any reason as to why it should not follow the Fifth Circuit's decision in *Modica*, regardless of its precedential status, this court concludes that public employees can be held individually liable under the FMLA.

### b.  Berger's Control over Law

In order "[f]or liability to attach [under the FMLA], an individual must 'independently exercise control over the work situation.'"  *Trevino v. United Parcel Service*, No. 3:08-CV-0889-B, 2009 WL 3199185, at *5 (N.D. Tex. Oct. 5, 2009) (Boyle, J.) (quoting *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984), *cert. denied*, 471 U.S. 1124 (1985)).  This "requires a sufficient level of control and a nexus to the protected rights at issue."  *Id.*  "In analyzing a claim under the FMLA, the question becomes whether the defendant 'exercised sufficient control over Plaintiff's ability to take protected leave to qualify as [an] employer [] under the FMLA."  *Id.* (quoting *Evans v. Henderson*, No. 99-C-8332, 2000 WL 1161075, at *3 (N.D. Ill. Aug. 16, 2000)).

In this case, there is an issue of fact concerning the control that Berger exercised over Law's "work situation."  Moreover, there is no evidence before the court concerning Berger's ability to grant Law protected leave.  Because a motion to

strike may only be granted if there is no disputed issue of law or fact," *Cushman & Wakefield, Inc.*, 275 F.Supp.2d at 767, the plaintiff's motion must be denied.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion to strike Hunt County's Eleventh Amendment immunity defense is **GRANTED**, and the plaintiff's motion to strike Berger's Eleventh Amendment immunity and improper party defenses are **DENIED**.

**SO ORDERED**.

November 15, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**