UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-0806-G |
| HUNT COUNTY, TEXAS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the defendants' motions for summary judgment (docket entries 33, 34). For the reasons set forth below, the motions are granted in part and denied in part.

I. BACKGROUND

This case involves the allegedly wrongful firing of a county employee. The plaintiff is Richard Law ("Law"), an employee of Hunt County, Texas ("Hunt County") from 2004 to 2010. Law's First Amended Complaint ("Complaint") ¶ 5 (docket entry 24). The defendants are Hunt County, which employed Law as a

deputy clerk for one of its justices of the peace, and Sandy Berger ("Berger"), the justice of the peace for whom Law worked. *Id*. ¶¶ 3-8, 26.

Law began working for Hunt County at its jail in December of 2004. *Id.* ¶ 15. In 2009, Law learned that he suffered from peripheral arterial disease ("PAD"), which substantially limited his ability to stand and walk. *Id*. ¶¶ 16, 20, 21. Due to his PAD, Law was transferred to Hunt County's justice of the peace court, where he worked as a deputy clerk for Berger. *Id*. ¶ 26. Law's immediate supervisor was Judy Travis ("Travis"). *Id*. According to the complaint, Travis "made disparaging comments about Law's health condition" and "hectored Law to tell her what his health care provider said." *Id*. ¶¶ 27-30.

In May of 2010, Law underwent an angioplasty, which caused him to miss a few days of work. *Id*. ¶ 53. On June 4, 2010, Berger and Travis fired Law, effective immediately. *Id*. ¶ 72. At that time, Berger told Law "that it was not 'working out,'" but did not give Law any other explanation for the decision. *Id*. However, the complaint alleges that Berger wrote on a form that the decision to fire Law was based on the fact that he was "still on lite [sic] duty." *Id*. ¶ 73. Moreover, Law alleges that Travis told another Hunt County employee "that Law had 'left' his employment due to 'health problems.'" *Id*. ¶ 83.

Law contends that he was fired due to his PAD. As a result, he has brought various claims against both defendants.* First, Law has sued Berger for (1) violation of his substantive rights and entitlements under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and (2) retaliation/discrimination in violation of the FMLA. *Id*. ¶ 1. Law has also sued Hunt County for (1) violation of his substantive rights and entitlements under the FMLA, (2) retaliation/discrimination in violation of the FMLA, and (3) discrimination based on his actual disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"). *Id*.

Berger and Hunt County have both moved for summary judgment. Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a), (c)(1). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for

---

*       Law has voluntarily withdrawn his Section 1983 and ADA claims against Berger. Plaintiff Richard Law's Brief in Support of his Response to Defendant Sandy Berger's Motion for Summary Judgment ("Law's Berger Response Brief") at 1 (docket entry 39). Law has also voluntarily withdrawn his ADA claim based on a perception of disability against Hunt County. Plaintiff Richard Law's Brief in Support of his Response to Defendant Hunt County's Motion for Summary Judgment ("Law's Hunt County Response Brief") at 2 (docket entry 36). Law's Section 1983 claim was not brought against Hunt County. *Id*. at 1.

the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue of material fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

## II.  ANALYSIS

### A.  Berger's Qualified Immunity Defense

In her motion for summary judgment, Berger argues that she is entitled to qualified immunity.  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Once a defendant has raised this defense, the burden shifts to the plaintiff to show that the individual defendants are not entitled to qualified immunity.  See *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."), *cert. denied*, 537 U.S. 1232 (2003).

To overcome a motion for summary judgment based on qualified immunity, a plaintiff must demonstrate two things.  First, the plaintiff must have provided facts sufficient to demonstrate that the individual defendant violated a constitutional or statutory right.  See *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Under this first inquiry, the court must consider "whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of . . . federal law[.]"  *Cantrell v. City of Murphy*, 666 F.3d 911, 919 (5th Cir. 2012), *pet. for cert. filed*

(April 27, 2012) (No. 11-1301). Second, the plaintiff must show that the constitutional right was clearly established at the time of the individual defendant's alleged misconduct. *Pearson*, 555 U.S. at 232. "This inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id*. at 244 (internal quotations omitted). This court is permitted to consider the two prongs of the qualified immunity test in either order. *Id*. at 236.

In this case, Berger is not entitled to qualified immunity. First, the question of individual public employee liability under the FMLA is "clearly established" in the Fifth Circuit. *Modica v. Taylor*, 465 F.3d 174, 187-88 (5th Cir. 2006) ("[P]ublic employees are subject to individual liability under the FMLA."). While "public employee liability is a subject of much debate among the courts of appeals," the law in the Fifth Circuit has been clearly established since the *Modica* decision in 2006. *Id*. at 188 (stating that the law is not established "in the absence of a prior ruling by the Supreme Court, *this court*, or a consensus among our sister circuits") (emphasis added).

Berger again argues that *Modica* is weakened as precedent because the case may have been moot when the Fifth Circuit rendered its decision. Defendant Sandy Berger's Brief in Support of Her Motion for Summary Judgment ("Berger Brief") at 10-12 (docket entry 33-1). Berger's complicated argument as to why *Modica* is

weakened does not provide a "reason why this court should deviate from the Fifth Circuit's careful interpretation of the FMLA[.]" Memorandum Opinion and Order of November 15, 2011 ("Memorandum") at 10 (docket entry 28).

Second, Berger argues that she is entitled to qualified immunity because she was not Law's "employer" under the FMLA. The FMLA defines the term employer to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer[.]" 29 U.S.C. § 2611(4)(A)(ii)(I). In order "[f]or liability to attach [under the FMLA], an individual must 'independently exercise control over the work situation.'" *Trevino v. United Parcel Service*, No. 3:08-CV-0889-B, 2009 WL 3199185, at *5 (N.D. Tex. Oct. 5, 2009) (Boyle, J.) (quoting *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984), *cert. denied*, 471 U.S. 1124 (1985)). This "requires a sufficient level of control and a nexus to the protected rights at issue." *Id.*

In this case, there is sufficient summary judgment evidence to suggest that Berger was Law's employer for the purposes of the FMLA. Berger's own motion for summary judgment states that she was the one who hired Law in 2009 and terminated him in 2010. Defendant Sandy Berger's Motion for Summary Judgment ("Berger Motion") at 5, 9 (docket entry 33). Law was specifically hired to be a "deputy clerk for Judge Berger." *Id*. at 5. Even if there were other individuals who

may have also had supervision or control over Law, that would not prevent Berger from being Law's employer.

### C. FMLA claims against Berger and Hunt County

"The FMLA has two distinct sets of provisions, which together seek to meet the needs of families and employees and to accommodate the legitimate interests of employers." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (internal quotations omitted). The first set of provisions are "prescriptive: they create a series of substantive rights, namely, the right to take up to twelve weeks of unpaid leave under certain circumstances." *Id*. The second set of provisions are "proscriptive: they bar employers from penalizing employees and other individuals for exercising their rights." *Id*.

The proscriptive provisions of the FMLA are set forth in 29 U.S.C. § 2615. First, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. *Id*. § 2615(a)(1). Second, "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" under the FMLA. *Id*. § 2615(a)(2). Finally, Section 2615(b) prohibits persons from interfering with proceedings or inquiries related to the FMLA.

### 1. *FMLA claims under Section 2615(a)(1) against Berger and Hunt County*

Law has brought claims against Berger and Hunt County under Section 2615(a)(1), which prohibits employers from "interfering" with an employee's ability to take FMLA leave. To present a claim under Section 2615(a)(1), "a plaintiff must show that (1) []he is an eligible employee under the FMLA, (2) the defendant is an employer subject to the requirements of the FMLA, (3) []he was entitled to FMLA leave, (4) []he gave notice to the defendant of [his] intention to take FMLA leave, and (5) the defendant denied [him] the benefits to which, under the FMLA, []he was entitled." *Morgan v. Nieman-Marcus Group Inc.*, No. 3:05-CV-0079-G, 2005 WL 3500314, at *4 (N.D. Tex. Dec. 20, 2005).

Law maintains that the defendants violated Section 2615(a)(1) in two ways. First, Law argues that the "[d]efendants violated the FMLA when they fired him because at the time of discharge Law was still on intermittent FMLA leave." Complaint ¶ 97. However, this does not appear to have been the case. First, the plaintiff's 2010 application for FMLA leave did not request intermittent leave. Berger Brief at 9. Hunt County also received a release which stated that Law could "Return to Regular Duty" effective June 2, 2010. Plaintiff Richard Law's Brief in Support of His Response to Defendant Sandy Berger's Motion for Summary Judgment ("Law's Berger Response Brief") at 24-25 (docket entry 39). Because Law

was fired two days after he was cleared for regular duty, the defendants did not interfere with his FMLA rights at that time.

Second, Law argues that the defendants improperly interfered with his ability to take FMLA leave on August 9, 2010. *Id*. at 25. The release also states that Law should return to the doctor for evaluation on August 9, 2010. *Id*. Law appears to argue that the fact that the release stated a doctor evaluation appointment constitutes a request to take FMLA leave. This is clearly not sufficient "notice to the defendant of [his] intention to take FMLA leave." *Morgan*, 2005 WL 3500314 at *4. As a result, Law's claims under Section 2615(a)(1) against both Berger and Hunt County fail. Summary judgment on these claims is granted.

### 2. *FMLA claims under Section 2615(a)(2) against Berger and Hunt County*

Law has also brought FMLA claims under Section 2615(a)(2), which bars employers from discharging or discriminating against any individual who exercises FMLA-protected rights. *Amsel v. Texas Water Development Board*, No. 11-50255, 2012 WL 913676, at *5 (5th Cir. Mar. 19, 2012). "When an employee claims that an employer has punished her for exercising her right to take FMLA leave, that claim is analyzed under the *McDonnell Douglas* framework." *Hunt v. Rapides Healthcare Systems, LLC*, 277 F.3d 757, 768 (5th Cir. 2001). To make out a *prima facie* case under Section 2615(a)(2), the plaintiff must show that (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and (3) either (a) he was

treated less favorably than an employee who had not requested leave under the FMLA, or (b) the adverse decision was made because he took FMLA leave. Once the plaintiff has made out a *prima facie* case, the burden shifts to the defendants to "articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action." *Id*. If the defendants are successful in meeting this burden, then the plaintiff must show by a preponderance of the evidence that the defendants' reason is pretextual. *Id*.

In this case, there are material factual disputes over whether Berger and Hunt County discriminated against Law because he exercised his FMLA-protected rights. As a result, summary judgment on these claims is denied.

### D. *ADA discrimination claims against Hunt County*

Finally, Law has brought a claim of discrimination under the ADA against Hunt County. Claims under the ADA also use the *McDonnell Douglas* burden-shifting framework. *McInnis v. Alamo Community College District*, 207 F.3d 276, 279-80 (5th Cir. 2000). "Under this framework, a plaintiff must first make a *prima facie* showing of discrimination by establishing that: (1) He is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he was subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably than non-disabled employees." *Id*. Likewise, "[o]nce the plaintiff makes his *prima facie* showing, the burden then shifts to the defendant-employer to articulate a legitimate,

non-discriminatory reason for the adverse employment action." *Id*. at 280.  Finally, "[o]nce the employer articulates such a reason, the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination." *Id*.

In this case, there are also material factual disputes over whether Berger and Hunt County discriminated against Law because of a possible disability.  As a result, summary judgment on these claims is also denied.

### III.  CONCLUSION

For the reasons set forth above, the defendants' motions for summary judgment are **GRANTED** in part and **DENIED** in part.  Berger's motion for summary judgment is **GRANTED** on Law's FMLA claims under Section 2615(a)(1), Section 1983, and the ADA, and **DENIED** on Law's FMLA claim under Section 2615(a)(2).  Hunt County's motion for summary judgment is **GRANTED** on Law's FMLA claim under Section 2615(a)(1) and Law's ADA claim for perceived disability, and **DENIED** on Law's FMLA claim under Section 2615(a)(2) and Law's ADA claim for actual disability.

SO ORDERED.

May 17, 2012.

                                             _____
                                             **A. JOE FISH**
                                             **Senior United States District Judge**