**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RICHARD LAW<br>*Plaintiff*, | §<br>§ | |
| | § | |
| v. | § | Civil Action No.: 3:11-cv-00806-G |
| | § | |
| HUNT COUNTY, TEXAS, and SANDY BERGER,<br>*Defendants*. | §<br>§<br>§ | |

**LAW'S PROPOSED JURY CHARGE**

Plaintiff Richard Law submits this his proposed jury charge in compliance with the Court's *Order* (Dkt. 15) at p. 6, ¶7.f.

Respectfully submitted,

By: /s/ *Wade A. Forsman*

Wade A. Forsman
State Bar No. 07264257
P.O. Box 918
Sulphur Springs, TX 75483-0918
Tel: 903.689.4144 East Texas
Tel.: 972.499.4004 Dallas Fort Worth
Fax: 903.689.7001
forsmanlaw@verizon.net

**Attorney for Plaintiff Richard Law**

**Certificate of Service**

I certify that a copy of the foregoing document has been served upon the following counsel of record pursuant to the Federal Rules of Civil Procedure and the Local Rules on this the **25th day of May 2012**: Thomas P. Brandt of Fanning Harper Martinson Brandt & Kutchin, P.C., Two Energy Square, 4849 Greenville Ave., Suite 130, Dallas, TX 75206.

/s/ Wade A. Forsman
**Wade A. Forsman**

## GENERAL INSTRUCTIONS

**INSTRUCTION NO. 1**
**(Preliminary Instruction – Trial Procedure and Evidence (Requested to be given to the jury at the beginning of the trial)**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury, you will decided disputed questions of fact.

As the judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers says is not evidence.

After the opening statements, Richard Law will call witnesses and present evidence. Then Hunt County and Sandy Berger will have an opportunity to call witnesses and present evidence. After the parties' main case is completed. Mr. Law may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. The evidence in the case will consist of the following:

1. The sworn testimony of all witnesses, no matter who called the witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between two sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

I make take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

If you would like to take notes during the trial you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not your notes. If you do not take notes, rely on your independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each jury concerning the testimony.

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss the case with anyone and do not permit anyone to discuss this case in your presence. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant text-messaging service, any Internet chat room, blog or website, such as Facebook, MySpace, YouTube or Twitter, to communicate to anyone any information about this case, until I accept your verdict. Do not discuss the case even with other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case – the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn of anything about the case from any other source.

During this trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**Source:** **Adapted from 5th Cir. Pattern Jury Instructions (Civil Cases) Instruction No. 1.1 (2006) and O'Malley, Kevin F. *et al.*, FEDERAL JURY PRACTICE AND INSTRUCTIONS §101.40 (5th ed. 2001).**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: ___________________________

________________________________
A. JOE FISH
Senior United States District Judge

**INSTRUCTION NO. 2**
**(General Instructions for Charge)**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to help you in understanding the evidence and the parties' contentions.

The parties have agreed, or stipulated, that:

*[Enter stipulations, if any, here.]*

This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

Answer each question presented to you from the facts as you find them. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. A "preponderance of the evidence" means evidence that persuades you that a claim or defense is more likely true than not true. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any part of Mr. Law's claims by a preponderance of the evidence, you should find for Hunt County and Ms. Berger. Similarly, if the proof fails to establish any essential part of Hunt County's or Ms. Berger's affirmative defenses by a preponderance of the evidence, you should find for Mr. Law as to that affirmative defense.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore put it out of your minds.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembered it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect, or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection of impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you will take this charge with you, as well as the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

It is now time for the closing arguments.

**Source:** **Adapted from 5th Cir. Pattern Jury Instructions (Civil Cases)(2006) Instruction Nos. 2.3, 2.11, 2.19, 2.20 and 3.1; O'Malley, Kevin F. *et al.,* FEDERAL JURY PRACTICE AND INSTRUCTIONS §104.01 (5th ed. 2001).**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: __________________________

_________________________________
A. JOE FISH
Senior United States District Judge

## LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON LIABILITY

## ADA

**Question No. 1**

Did Hunt County discharge Richard Law on the basis of a disability? [1]

Answer "Yes" or "No"

____________________

**Instructions for Question No. 1**

1. Law contends that Hunt County discharged him on the basis of a disability.

2. Hunt County denies Law's claim and contends that it discharged Law for a legitimate, non-discriminatory reason.

3. For purposes of this case, you are instructed that it is unlawful for Hunt County to discharge Law on the basis of a disability.

---

[1] The ADAAA amended 42 U.S.C. §12112(a). This provision now reads as follows: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge . . . ."

***This is new.*** Before the ADAAA, Section 12112(a) read as follows: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge . . . ."

The ADAAA refers to "individual with a disability" and "qualified individual" as separate terms. The ADAAA outlaws discrimination "on the basis of disability" instead of prohibiting discrimination against a qualified individual "with a disability because of the disability of such individual."

The purpose of these changes is to ensure "that the emphasis in questions of disability discrimination is properly on the critical inquiry of whether a qualified person has been discriminated against on the basis of disability, and not unduly focused on the preliminary question of whether a particular person is a 'person with a disability.'" Managers Statement, 154 Cong. Rec. At S8843. To that end the ADAAA states that the primary subject in ADA cases "should be whether [covered entities] have complied with their obligations, and to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." Pub. L. 110-325, §2(b)(5), 122 Stat. 3553 (Sept. 25, 2008), set out in the Note to 42 U.S.C. §12101.

<u>The Fifth Circuit's 2009 Pattern Jury Charges have not been changed to reflect the ADAAA</u>. Consequently, Law has tracked the language of the statute, plus the Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act, As Amended, 29 CFR Part 1630 (March 25, 2011) (hereinafter "Final Regulations").

4. To succeed under the facts in this case, Law must prove that:

   a. at the time of his discharge he had an actual disability; and,

   b. Hunt County discharged Law on the basis of that actual disability.

5. Law does not have to prove that his disability was the only reason Hunt County discharged him.

6. If you disbelieve the reason Hunt County has given for its decision, you may infer it discharged Law on the basis of disability.

7. As used in this case, Law had an "actual disability" if his peripheral arterial disease ("PAD"), or if his peripheral neuropathy, substantially limits one or more of his major life activities.[2]

8. Law's PAD, or his peripheral neuropathy, "substantially limits" one or more of Law's major life activities if it substantially limits Law's ability to perform a major life activity as compared to most people in the general population.[3] In deciding whether Law's PAD or his peripheral neuropathy substantially limits a major life activity, you must interpret the terms broadly, in favor of expansive coverage of individuals to the maximum extent permitted by the terms.[4]

   Also in determining whether Law's PAD or his peripheral neuropathy substantially limits one or more major life activities, you must consider each of them without regard to mitigating measures like surgery or medication.[5] An individual who, because of the use of a mitigating measure, has experienced no limitations, or only minor limitations, related to the impairment may still be an individual with a disability, where there is evidence that in the absence of an effective mitigating measure the individual's impairment would be substantially limiting. [6]

---

[2] *See* 42 U.S.C. §12102(1)(A).

[3] *See* Final Regulations at p. 109, published at 29 C.F.R. §1630.2(j).

[4] *See* 42 U.S.C. §12102(4)(A).

[5] See 42 U.S.C. §12102(4)(E)(i). *See* also Final Regulations at p. 111, published at 29 C.F.R. §1630.2(j)(1)(vi).

[6] *See* Final Regulations at p. 163, under "Note on Certain Terminology Used."

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.7.1 at pp. 33-37; 42 U.S.C. §12101 *et seq.,* as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"); and, Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act, As Amended, 29 CFR Part 1630 (March 25, 2011)("Final Regulations").**

Given: ___________________ Denied: __________________________

_________________________________
A. JOE FISH
Senior United States District Judge

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

If you answered "Yes" to Question No. 1, then go to Question No. 2.

If you answered "No" to Question No. 1, then go to Question No. 4.

## LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON DAMAGES

### ADA

1. If you find that Hunt County violated the ADA, then you must determine whether Hunt County has caused Law damages and, if so, you must determine the amount, if any, of those damages.

2. Law must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Law need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

3. You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits; and (2) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

4. Back pay and benefits include the amounts the evidence shows Law would have earned had he remained an employee of Hunt County, and includes fringe benefits such as life and health insurance, contributions to retirement, *etc.*, minus the amounts of earnings and benefits, if any, Hunt County proves by a preponderance of the evidence, Law received in the interim.

5. There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Law for any injury he has sustained. Do not include as compensatory damages back pay or interest on back pay and/or benefits.

**Question No. 2**

What sum of money, if paid now in cash, would fairly and reasonably compensate Richard Law for the damages, if any, you have found Hunt County caused him?

Answer in dollars and cents for the following items and none other:

**Back pay and benefits:**

______________________________

**Emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:**

_______________________________

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: __________________ Denied: _________________________

_______________________________
A. JOE FISH
Senior United States District Judge

Now go to Question No. 3.

**LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON FUTURE DAMAGES**

If Law proves by a preponderance of the evidence that Hunt County discharged Law on the basis of a disability, you may award Law damages for future lost wages and benefits, sometimes called "front pay." You may award Law front pay only if you determine that Hunt County's actions caused these damages.

If you determine that Law is entitled to front pay, you must consider the following in arriving at any amount:

(a) Law's job prospects for a similar job;
(b) the length of time that it should take Law to obtain such a job; and,
(c) the number of years remaining before Law most probably would retire.

**<u>Question No. 3</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Richard Law for the damages, if any, you have found Hunt County has caused him in the future?

Answer in dollars and cents for the following items and none other:

**Front pay and benefits:**

______________________________

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.10.3.**

**Law acknowledges that front pay is a category for the Court to decide. However, pursuant to FED. R. CIV. P. 39(c)(1), the Court may determine the availability and the amount of front pay and benefits with the assistance of an advisory jury, and ADA claims are no exception to this. *See e.g., EEOC v. E.I. Du Pont de Nemours & Co.,* 480 F.3d 724, 731-32 (5th Cir. (ADA Case).**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: __________________________

________________________________
A. JOE FISH
Senior United States District Judge

Now go to Question No. 4.

**LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON LIABILITY**

**FMLA – HUNT COUNTY**

**Question No. 4**

Did Hunt County discharge Richard Law because Law took medical leave?

Answer "Yes" or "No."

_______________________

**Instructions for Question No. 4**

1. Law claims he was discharged by Hunt County because he went on medical leave at various times between December 7, 2009, when he started working for Sandy Berger, and the date of his discharge.

2. Hunt County denies Law's claim and contends that it terminated Law's employment for a legitimate, non-discriminatory and non-retaliatory reason.

3. It is unlawful for an employer to discriminate or retaliate against an employee for engaging in FMLA-protected activity.

4. FMLA-protected activity includes, but is not limited to, requesting or taking leave.

5. To prevail in this case, Law must prove by a preponderance of the evidence that:

   a. He engaged in FMLA-protected activity;

   b. Hunt County discharged Law; and

   c. Hunt County discharged Law because Law engaged in FMLA-protected activity.

6. Law does not have to prove that his FMLA-protected activity is the only reason Hunt County discharged him.

7. If you disbelieve the reason(s) Hunt County has given you for its decision, you may infer Hunt County discharged Law because of his FMLA-protected activity.

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.10.3.**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: ___________________________

_________________________________
A. JOE FISH
Senior United States District Judge

If you answered "Yes" to Question No. 4, then go to Question No. 5.

If you answered "No" to Question No. 4, then go to Question No. 8.

**LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON WAGE LOSS DAMAGES**

**FMLA**

1. If you found that Hunt County violated the FMLA, then you must determine whether Hunt County has caused Law damages and, if so, you must determine the amount, if any, of those damages.

2. Law must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Law need not prove the amount of his losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

3. You should consider the following elements of damages, and no others: (1) any wages, salary, employment benefits, or other compensation denied or lost because of Hunt County's violation of the FMLA.

4. Wages, salary, and benefits include the amounts the evidence shows Law would have earned had he remained an employee of Hunt County, and includes fringe benefits such as life and health insurance, contributions to retirement, *etc.*, minus the amounts of earnings and benefits, if any, Hunt County proves by a preponderance of the evidence, Law received in the interim.

**Question No. 5**

What sum of money, if paid now in cash, would fairly and reasonably compensate Richard Law for the damages, if any, you have found Hunt County caused him?

Answer in dollars and cents for the following items and none other:

Wages, salary, employment benefits, or other compensation denied or lost:

________________________________

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.10.3.**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: ___________________________

_________________________________
A. JOE FISH
Senior United States District Judge

Now go to Question No. 6.

## LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON WILLFULNESS

1. If you find Hunt County discharged Law because Law took medical leave, then you must also determine whether Hunt County's action was "willful." To establish willfulness, Law must prove that, when Hunt County discharged him, Hunt County either (a) knew that its conduct violated the FMLA, or (b) acted with reckless disregard for compliance with the FMLA.

**Question No. 6**

Was Hunt County's discharge of Richard Law "willful"?

Answer "Yes" or "No."

________________________________

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.9.4 (ADEA).**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: __________________ Denied: __________________________

________________________________
A. JOE FISH
Senior United States District Judge

Now go to Question No. 7.

## LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON FUTURE DAMAGES

If Law proves by a preponderance of the evidence that Hunt County discharged Law because Law took medical leave, you may award Law damages for future lost wages and benefits, sometimes called "front pay." You may award Law front pay only if you determine that Hunt County's actions caused these damages.

If you determine that Law is entitled to front pay, you must consider the following in arriving at any amount:

(a) Law's job prospects for a similar job;
(b) the length of time that it should take Law to obtain such a job; and,
(c) the number of years remaining before Law most probably would retire.

**<u>Question No. 7</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Richard Law for the damages, if any, you find Hunt County has caused him in the future?

Answer in dollars and cents for the following items and none other:

Wages, salary, employment benefits, or other compensation denied or lost:

______________________________

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.10.3.**

**Law acknowledges that as an equitable remedy, front pay is a category for the Court to decide. However, pursuant to FED. R. CIV. P. 39(c)(1), the Court may determine the availability and the amount of front pay damages with the assistance of an advisory jury, and FMLA claims are no exception to this. *See e.g., McCoy v. Orleans Parish Sch. Bd.*, 2004 U.S. Dist. LEXIS 6843, **5-7, 9 Wage & Hour Cas. (2d) 1093 (E.D. La. April 19, 2004) (FMLACase) (Citing Cases).**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: ___________________________

_________________________________
A. JOE FISH
Senior United States District Judge

Now go to Question No. 8.

## LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON LIABILITY

## FMLA – SANDY BERGER

**Question No. 8**

Did Sandy Berger discharge Richard Law because Law took medical leave?

Answer "Yes" or "No."

___________________________

**Instructions for Question No. 8**

1. Law claims he was discharged by Berger because he went on medical leave at various times between December 7, 2009, when he started working for Berger, and the date of his discharge.

2. Berger denies Law's claim and contends that she terminated Law's employment for a legitimate, non-discriminatory and non-retaliatory reason.

3. It is unlawful for an employer to discriminate or retaliate against an employee for engaging in FMLA-protected activity.

4. FMLA-protected activity includes, but is not limited to, requesting or taking leave.

5. To prevail in this case, Law must prove by a preponderance of the evidence that:

   a. He engaged in FMLA-protected activity;

   b. Berger discharged Law; and

   c. Berger discharged Law because Law engaged in FMLA-protected activity.

6. Law does not have to prove that his FMLA-protected activity is the only reason Berger discharged him.

7. If you disbelieve the reason(s) Berger has given you for her decision, you may infer Berger discharged Law because of his FMLA-protected activity.

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.10.3.**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: ___________________________

_________________________________
A. JOE FISH
Senior United States District Judge

If you answered "Yes" to Question No. 8, go to Question No. 9.

Stop if you answered "No" to Question No. 8.

## LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON WAGE LOSS DAMAGES

### FMLA

1. If you found that Berger violated the FMLA, then you must determine whether Berger has caused Law damages and, if so, you must determine the amount, if any, of those damages.

2. Law must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Law need not prove the amount of his losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

3. You should consider the following elements of damages, and no others: (1) any wages, salary, employment benefits, or other compensation denied or lost because of Berger's violation of the FMLA.

4. Wages, salary, and benefits include the amounts the evidence shows Law would have earned had he remained an employee of Berger, and includes fringe benefits such as life and health insurance, contributions to retirement, *etc.*, minus the amounts of earnings and benefits, if any, Berger proves by a preponderance of the evidence, Law received in the interim.

**Question No. 9**

What sum of money, if paid now in cash, would fairly and reasonably compensate Richard Law for the damages, if any, you have found Sandy Berger caused him?

Answer in dollars and cents for the following items and none other:

Wages, salary, employment benefits, or other compensation denied or lost:

______________________________

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.10.3.**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: __________________ Denied: _________________________

_______________________________
A. JOE FISH
Senior United States District Judge

Now go to Question No. 10.

**LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON WILLFULNESS**

1. If you find Berger discharged Law because Law took medical leave, then you must also determine whether Berger's action was "willful." To establish willfulness, Law must prove that, when Berger discharged him, Berger either (a) knew that its conduct violated the FMLA, or (b) acted with reckless disregard for compliance with the FMLA.

**Question No. 10**

Was Sandy Berger's discharge of Richard Law "willful"?

Answer "Yes" or "No."

_______________________________

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.9.4 (ADEA).**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: ___________________________

_______________________________
A. JOE FISH
Senior United States District Judge

Now go to Question No. 11.

**LAW'S PROPOSED INSTRUCTIONS AND QUESTIONS ON FUTURE DAMAGES**

If Law proves by a preponderance of the evidence that Berger discharged Law because Law took medical leave, you may award Law damages for future lost wages and benefits, sometimes called "front pay." You may award Law front pay only if you determine that Berger's actions caused these damages.

If you determine that Law is entitled to front pay, you must consider the following in arriving at any amount:

(a) Law's job prospects for a similar job;
(b) the length of time that it should take Law to obtain such a job; and,
(c) the number of years remaining before Law most probably would retire.

**<u>Question No. 11</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Richard Law for the damages, if any, you find Sandy Berger has caused him in the future?

Answer in dollars and cents for the following items and none other:

Wages, salary, employment benefits, or other compensation denied or lost:

________________________________

**Sources: Adapted from the 5th Circuit Labor and Employment Law Pattern Jury Charges (2009) No. 11.10.3.**

**Law acknowledges that as an equitable remedy, front pay is a category for the Court to decide. However, pursuant to FED. R. CIV. P. 39(c)(1), the Court may determine the availability and the amount of front pay damages with the assistance of an advisory jury, and FMLA claims are no exception to this. *See e.g., McCoy v. Orleans Parish Sch. Bd.*, 2004 U.S. Dist. LEXIS 6843, **5-7, 9 Wage & Hour Cas. (2d) 1093 (E.D. La. April 19, 2004)(FMLACase) (Citing Cases).**

**Law requests that each juror have a copy of the foregoing, so s/he may read along silently as judge reads the foregoing aloud or, alternatively, have the foregoing on a screen as it is read.**

Given: ___________________ Denied: __________________________

________________________________
A. JOE FISH
Senior United States District Judge

Stop.